**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHANNON DION SHINE, | ) Case No.: 1:14-cv-00021-JLT |
|        Petitioner, | ) |
| | ) ORDER DENYING PETITIONER'S MOTIONS |
|     v. | ) FOR STAY OF PROCEEDINGS (Docs. 15, 17, & |
| | ) 18) |
| J. SOTO, Warden, | ) |
| | ) |
|        Respondent. | ) |
| | ) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Both parties have filed their written consent to the jurisdiction of the Magistrate Judge for all purposes.  (Docs. 8 & 12).

## PROCEDURAL HISTORY

The instant petition was filed on January 6, 2014.  (Doc. 1).  On March 7, 2014, the Answer was filed.  (Doc. 9).  On March 24, 2014, Petitioner filed a motion to stay proceedings in order to address the "mixed petition."  (Doc. 15).  On April 21, 2014, Petitioner filed a slightly more detailed motion for stay, indicating that he wishes to exhaust the unexhausted claims in the petition and that he had failed to do so earlier because of his lack of knowledge of the legal system. (Doc. 17).  On September 24, 2014, Petitioner filed a "motion to proceed," which the Court will construe as yet another motion for stay of proceedings.  (Doc. 18).  That motion contained no new details.

///

1

**DISCUSSION**

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewar7, 105 F.3d 1268, 1274 (9th Cir.), cert. denied, 519 U.S. 1002 (1997). However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11. Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. Id. In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies. Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

Notwithstanding the foregoing, until recently, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509 (1982). However, on March 30, 2005, the United States Supreme Court decided Rhines v. Weber, 544 U.S. 269 (2005). Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. Rhines, 544 U.S. at 276-277. In so holding, the Supreme Court noted that the procedure should be "available only in limited circumstances." 544 U.S. at 277. Specifically, the Court said it was appropriate only when (1) good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted claims are not "plainly meritless" and (3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay." Id. at 277-278; Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2005). When a petitioner has met these requirements, his interest in obtaining

---

[1]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 1244(d).

federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.  Rhines, 544 U.S. at 278.

Here, Petitioner wishes to exhaust additional grounds in state court. However, Petitioner never identifies specifically which claims he wishes to exhaust.  The Court notes that, in the answer, Respondent argues that Petitioner's two ineffective assistance claims are unexhausted because both were denied by the state supreme court with citations to In re Swain, 34 Cal. 2d 300, 304 (1949) and People v. Duvall, 9 Cal.4th 464, 474 (1995), which collectively indicate that Petitioner has failed to present sufficient details or allege with sufficient particularity the grounds for his claims to warrant review on the merits.  As Respondent notes, traditionally, a denial under Swain and Duvall is without prejudice and is a signal to the petitioner that he or she should re-file the petition with additional information and details.  E.g., Howard v. Campbell, 305 Fed. Appx. 442, 445 (9th Cir. 2008).

Thus, while the Court could *assume* that the claims Petitioner wishes to exhaust are those Sixth amendment claims already contained in the petition, it is also possible that Petitioner wishes to exhaust additional claims not presently alleged in the petition.  In any event, however, it is not the Court's responsibility to guess what claims Petitioner wishes to exhaust.  It is Petitioner's responsibility to adequately inform the Court about which claims he wishes to exhaust, why he did not exhaust them earlier, and why the Court should consider those claims not completely without merit.

Accordingly, applying the Rhines standards, the Court concludes that it must deny Petitioner's three motions for stay without prejudice.  In his motions, Petitioner has not listed the specific grounds he intends to exhaust in state court, nor has Petitioner explained the bases for those grounds in sufficient detail for the Court to determine whether those grounds are "plainly meritless" under Rhines. 544 U.S. at 277-278.  Moreover, if the claims Petitioner wishes to exhaust are the two ineffective assistance claims already contained in the petition, then Petitioner must also explain why he has delayed so long in initiating the exhaustion process, especially in light of the fact that those claims were denied by the state supreme court with clear signals to Petitioner to re-file his petition with additional details and allegations, something he obviously failed to do.

Accordingly, the Court will deny the motions for stay of proceedings without prejudice.  Should Petitioner desire to do so, he may re-file his request for a stay of proceedings, providing sufficient

1   information for the Court to perform the requisite <u>Rhines</u> analysis, i.e., why those claims are not clearly

2   meritless.[2]  Additionally, Petitioner should provide information justifying his lengthy delay in moving

3   for a stay in this Court, in light of the facts that he ignored the chance to provide additional details in

4   the state court, the answer has already been filed herein, and the case is presently ready for a decision.

5   Granting a stay at this juncture would require that Respondent file a supplemental answer, thus further

6   delaying these proceedings.  Any renewed stay motion should address the prejudice that would

7   necessarily follow from granting such a stay.

8   **<u>ORDER</u>**

9   Accordingly, IT IS HEREBY ORDERED that Petitioner's motions to stay the instant

10  proceedings on his habeas petition (Docs. 15, 17 & 18), are DENIED without prejudice.

11

12  IT IS SO ORDERED.

13  Dated:   __**September 30, 2014**__                    _____**/s/ Jennifer L. Thurston**

14                                                              UNITED STATES MAGISTRATE JUDGE

---

[2] In deciding whether to file a renewed motion for stay, Petitioner should consider that, in its decision in this case, the Court will address the exhaustion issue, but will also address the merits of the two Sixth amendment claims, as it routinely does in these cases.  The Court considers Respondent's exhaustion argument to be made "in the alternative" to the merits, and since Respondent has chosen to address the merits of Petitioner's claim, any decision by this Court will also address the merits of Petitioner's claim, regardless of whether or not he has actually exhausted those two claims in state court.