UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON DION SHINE,<br><br>    Petitioner,<br><br>    v.<br><br>J. SOTO, Warden,<br><br>    Respondent. | Case No.: 1:14-cv-00021-JLT<br><br>ORDER DENYING PETITIONER'S MOTION FOR STAY OF PROCEEDINGS (Doc. 21) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both parties have filed their written consent to the jurisdiction of the Magistrate Judge for all purposes. (Docs. 8 & 12).

**PROCEDURAL HISTORY**

The instant petition was filed on January 6, 2014. (Doc. 1). On March 7, 2014, the Answer was filed. (Doc. 9). On March 24, 2014, Petitioner filed a motion to stay proceedings in order to address the "mixed petition." (Doc. 15). On April 21, 2014, Petitioner filed a slightly more detailed motion for stay, indicating that he wished to exhaust the unexhausted claims in the petition and that he had failed to do so earlier because of his lack of knowledge of the legal system. (Doc. 17). On September 24, 2014, Petitioner filed a "motion to proceed," which the Court construes as yet another motion for stay of proceedings. (Doc. 18). That motion contained no new details.

On September 30, 2014, the Court issued an order denying all of Petitioner's motions on the grounds that he had failed to articulate specifically the grounds of the claims he wished to exhaust. (Doc. 19). In that order, the Court pointed out that it appeared that Petitioner may be seeking to exhaust claims in the petition related to ineffective assistance of counsel. However, based on the lack of specificity in the various motions for stay, the Court could not be sure of the basis for the claims for which he sought a stay. On October 9, 2014, Petitioner filed yet another motion for stay, this time indicated clearly that he wishes to exhaust the claims relating to counsel's alleged ineffectiveness. (Doc. 21). For the following reasons, the Court will deny the motion for stay.

## DISCUSSION

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewar7, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002 (1997). However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11. Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. Id. In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies. Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

Notwithstanding the foregoing, until recently, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509 (1982). However, in 2005 the United States Supreme Court decided Rhines v. Weber, 544 U.S. 269 (2005). Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. Rhines, 544 U.S. at 276-277. In so holding, the Supreme Court noted that the procedure should be "available only in limited circumstances." 544 U.S. at 277. Specifically, the Court said it was appropriate only when (1) good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted claims are not "plainly meritless" and (3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay." Id. at 277-278; Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2005). When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. Rhines, 544 U.S. at 278.

Here, both ineffectiveness claims were denied by the state supreme court with citations to In re Swain, 34 Cal. 2d 300, 304 (1949) and People v. Duvall, 9 Cal.4th 464, 474 (1995), which collectively indicate that Petitioner has failed to present sufficient details or allege with sufficient particularity the grounds for his claims to warrant review on the merits. Traditionally, a denial under Swain and Duvall is **without prejudice** and is a signal to the petitioner that he or she should re-file the petition with additional information and details. E.g., Howard v. Campbell, 305 Fed. Appx. 442, 445 (9th Cir. 2008). Here, it is apparent from the state record that Petitioner did not re-file his claims.

In the previous order denying the various motions for stay, the Court indicated that, in any future motion for stay Petitioner should provide information justifying his lengthy delay in moving for a stay in this Court, in light of the facts that he ignored the chance to provide additional details in the state court, the answer has already been filed herein, and the case is presently ready for a decision. The Court further indicated that, granting a stay at this juncture, would require that Respondent file a supplemental answer, thus further delaying these proceedings.

In his motion for stay, Petitioner argues that his own "ignorance and confusion" about the law, as well as prison conditions such as lockdowns, transfers, and segregation, prevented him from timely exhaustion of the two claims herein. In Jackson v. Roe, 425 F.3d 654 (9th Cir. 2005), the Ninth Circuit explained that "good cause" for failure to exhaust does not require "extraordinary circumstances." 425 F.3d at 661-62. But as the Jackson court recognized, district courts must interpret whether a petitioner

has "good cause" for a failure to exhaust in light of the Supreme Court's instruction in <u>Rhines</u> that the district court should only stay mixed petitions only in "limited circumstances." <u>Id</u>. at 661.  The district court also must be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court. <u>Rhines</u>, 544 U.S. at 276-77, 125 S.Ct. 1528. To conclude, in this case, that Petitioner had "good cause" for his failure to exhaust, simply because prison conditions are difficult and Petitioner is unskilled at the law, would conflict with the Supreme Court's guidance in <u>Rhines</u> and disregard the goals of AEDPA.

Under Ninth Circuit law, lack of familiarity with the legal system, good faith mistakes, and difficult prison conditions such as lock-downs, etc., do not constitute "good cause" for filing a belated motion for stay. <u>Wooten v. Kirkland</u>, 540 F.3d 1019, 1023 (9th Cir. 2008)(holding that petitioner's belief that appellate counsel raised a claim before state court did not constitute good cause); <u>Hughes v. Idaho State Bd. Of Corrections</u>, 800 F.2d 905, 909 (9th Cir. 1986)(illiterate pro se litigant's reliance on another inmate's assistance was not sufficient cause).

As indicated above, it is not merely Petitioner's most recent motion for stay that is tardy, but the entire litigation process stretching back to the state court appeals indicates a continuous pattern by Petitioner to take timely advantage of his remedies in state and federal court.  Petitioner's belated excuse that he is unfamiliar with the legal system and that he has suffered lockdowns and administrative segregation—handicaps shared by many, if not all, state prisoners who file petitions in this Court—is insufficient to further delay these proceedings.  Accordingly, the Court will deny Petitioner's motion for stay.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to stay the instant proceedings on his habeas petition (Docs. 21), is DENIED.

IT IS SO ORDERED.

Dated: **October 16, 2014**          **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE