UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON DION SHINE,<br><br>  Petitioner,<br><br>  v.<br><br>J. SOTO, Warden,<br><br>  Respondent. | Case No.: 1:14-cv-00021-JLT<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 24) |

The instant petition was filed on January 6, 2014. (Doc. 1). On March 7, 2014, Respondent filed the Answer. (Doc. 9). Thereafter, Petitioner filed several motions to stay proceedings to allow him to exhaust certain claims in state court. (Docs. 15; 17; 18). The Court denied these motions as vague and lacking in sufficient detail to determine whether a stay was justified under federal law. (Doc. 19). Petitioner persisted by filing yet another motion for stay that was denied for the same reasons. (Docs. 21; 23). On December 22, 2014, Petitioner filed the instant motion to vacate the Court's order denying his stay request. (Doc. 24). Because Petitioner expressly cites Rule 60(b) of the Federal Rules of Civil Procedure, the Court construes Petitioner's motion as a motion for reconsideration.

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds

of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner failed to meet the requirements for granting a motion for reconsideration. He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, Petitioner has not presented any other reasons justifying relief from judgment.  Moreover, pursuant to the Court's Local Rules, Petitioner has not shown "new or different facts or circumstances claimed to exist *which did not exist or were not shown upon such prior motion*, or what other grounds exist for the motion." Local Rule 230(j). (Emphasis supplied).

Indeed, the Court has been quite candid with Petitioner in pointing out the lack of specificity and detail in his motions for stay and in implying that providing additional details could be a way to remedy the defects in his prior filings.  Unfortunately, Petitioner has ignored the Court's advice, and has never provided the detail required to permit a proper consideration of his stay request.  In sum, Petitioner has provided no evidence or circumstances that would satisfy the requirements of Rule 60(b), and therefore his motion for reconsideration must be denied.

///

///

**ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 24), is DENIED.

IT IS SO ORDERED.

Dated: __August 26, 2015__                    _____/s/ Jennifer L. Thurston_____
                                                              UNITED STATES MAGISTRATE JUDGE